### EARLE v. MILLER.

(Circuit Court, E. D. Pennsylvania. July 2, 1900.)

No. 3.

Bills and Notes—Affidavit of Defense—Sufficiency.

    An affidavit of defense in a suit by a receiver of an insolvent bank on a note of which the bank was a bona fide holder for value before maturity, alleging that defendant was an accommodation maker, and that the indorsers, who were not parties to the suit, had a certain sum on deposit in the bank when it became insolvent, which occurred after the note became due, but containing no allegations showing that they still owned such deposit, or that they desired to have the same used by the maker as a set-off in the suit against him, is insufficient to entitle him to set off the amount of such deposit on the ground that he was merely surety on the note, which was discounted by the bank in due course of business, in ignorance of his relation to the indorsers.

Action by George H. Earle, Jr., receiver of the Chestnut Street National Bank, against B. F. Miller. Motion for judgment for want of sufficient affidavit of defense. Granted.

Charles Biddle and Asa W. Waters, for plaintiff.

Wm. J. Turner, for defendant.

McPHERSON, District Judge. This is a suit upon a promissory note, of which the Chestnut Street National Bank was the bona fide holder for value before maturity, having discounted it in due course of business. So far as appears, also (there is no averment to the contrary), the bank had no knowledge that the defendant was an accommodation maker, and therefore the fact that in reality he was not a principal upon the note, but a surety (whether or not such knowledge is ever material), is of no importance in the present suit. The bank, and the plaintiff as its receiver, had the right to treat him as he appeared upon the face of the note, without regard to the undisclosed equities that may have existed between the indorsers and himself. The note was due at the time of the bank's insolvency (in this respect the case differs from several decisions that have been cited), and, if the fact of insolvency fixed the status of the parties, their respective rights were as follows:

(1) The bank had an immediate right of action upon the note, both against the maker and against the indorsers.

(2) The indorsers had an immediate right of action against the bank upon their deposit.

(3) The maker had no deposit, and had no right of action otherwise against the bank.

Conceding for present purposes that, if the bank or the receiver had sued the indorsers, the latter might have set off their deposit, it is difficult to see upon what ground the maker can use the indorsers' deposit in this action against himself. There is no averment that he owns the deposit; and (assuming the fact of suretyship to be of importance) he has no right to require the bank to apply it in reduction of his own liability, upon the ground that he was merely a surety, for the bank discounted the note in ignorance of the relation between the indorsers and himself. If he may now set off the deposit, the result will be that the indorsers, who will probably receive only a percentage of their claim as depositors, will be enabled to use the deposit at its full value, to pay their own debt to the defendant.

Moreover, there is no averment that the deposit is still the property of the indorsers. The affidavit merely says that the indorsers had a certain sum to their credit "at the time of the appointment of the receiver"; but whether the deposit is still theirs, does not appear. They had a perfect right to dispose of it to a stranger, and, so far as the affidavit discloses, they may have taken this course. Neither does it appear that, even if they still own the deposit, they desire to have it used as a set-off in the present suit. It may be of more advantage to them to transfer the claim in discharge of a liability to another person; and it would certainly present a curious situation, if the defendant were permitted to use the deposit as a set-off against the note, while the indorsers may already have used it for another purpose, or while they retain the power thus to use it, and therefore to destroy its availability for the purpose now in view. They are not parties to this suit, and nothing appears to show that they are bound by the defendant's action.

No case has been cited that supports the defendant's position, unless it be Bank v. Kinsler, 16 Wkly. Notes Cas. 509. For that decision no reasons were given by the court, and the reporter's brief memoranda of the remarks made by the judges during the argument are obviously of very little weight. Assuming that the report is correct, it does not follow that the decision is based upon the objections that were suggested to counsel while the discussion was going on. In the end, the court may have had other reasons for the decision. Upon further consideration, the two judges that heard the case may have differed in opinion, or they may have been influenced by the practical reason that the question was doubtful, and that such a question ought to be decided upon a trial, rather than upon an affidavit of defense,—to say nothing of other possible reasons. If the court had supported their judgment by the same course of argument that is now presented by the defendant's counsel, my sincere respect for the eminent learning and ability of Judges Hare and

Mitchell would have inclined me to give great weight to their opinion, but, as I do not know upon what ground the judgment rests, I am constrained to decide the point in accordance with my own view of the law.

The rule for judgment is made absolute.